UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PEREZ,<br><br>                Plaintiff,<br><br>    v.<br><br>PACIFIC RETAIL CAPITAL PARTNERS, LLC; and DOES 1 to 10<br><br>                Defendants. | Case No.: 2:25-cv-04534-MEMF-MAR<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM** |

    On May 20, 2025, David Perez filed a Complaint against Pacific Retail Capital Partners, LLC, and DOES 1 to 10, asserting: (1) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010–12213 and (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–52, *et seq*. ECF No. 1. The Complaint alleges that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the Unruh Act claim is brought "pursuant supplemental jurisdiction." *Id.* at ¶ 6.

    The supplemental jurisdiction statute (28 U.S.C. § 1367) "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and

1  weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience,
2  fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)
3  (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

4  California law sets forth a heightened pleading standard for a limited group of lawsuits
5  brought under the Unruh Act. *See* Cal. Civ. Proc. Code §§ 425.55(a)(2) & (3). The stricter pleading
6  standard requires certain plaintiffs bringing construction-access claims like the one in the instant
7  case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the
8  specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff
9  encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A "high-frequency
10 litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't
11 Code § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10 or more complaints
12 alleging a construction-related accessibility violation within the 12-month period immediately
13 preceding the filing of the current complaint alleging a construction-related accessibility violation"
14 *and* "an attorney who has represented as attorney of record 10 or more high-frequency litigant
15 plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing
16 of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code
17 §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1) whether the complaint
18 is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who
19 is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the
20 high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the
21 individual was in the geographic area of the defendant's business; and (4) the reason why the
22 individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).

23 In light of the foregoing, the Court orders Perez to show cause in writing why the Court
24 should exercise supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(c). In
25 responding to this Order to Show Cause:

26   1. Perez shall identify the amount of statutory damages Perez seeks to recover.
27   2. Perez and his counsel shall also support their responses to the Order to Show Cause with
28      declarations, signed under penalty of perjury, providing all facts necessary for the Court to

determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2). This includes, but is not limited to:

    a. the number of construction-related accessibility claims filed by Perez in the twelve months preceding the filing of the present claim; and

    b. the number of construction-related accessibility claims in which Perez's counsel has represented high-frequency litigant plaintiffs in the twelve months preceding the filing of the present claim.

Perez shall file a Response to this Order to Show Cause by no later than fourteen days from the date of this order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim.

**IT IS SO ORDERED.**

Dated: May 29, 2025

                                              MAAME EWUSI-MENSAH FRIMPONG
                                                    United States District Judge